IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| LADONNA MAUL, Individually and on Behalf of All Others Similarly Situated, | ) ) ) **CLASS ACTION COMPLAINT** |
| Plaintiff, | ) |
| v. | ) Case No.: 3:19-cv-1215 |
| TATE & KIRLIN ASSOCIATES, INC. | ) ) ) **JURY TRIAL DEMANDED** |
| Defendants. | ) ) ) |

**COMPLAINT AND JURY DEMAND**

COMES NOW, Plaintiff LaDonna Maul, by and through the undersigned counsel, and for her Complaint against Defendant Tate & Kirlin Associates, Inc. ("TKA") under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), states as follows:

**JURISDICTION**

1. This court has jurisdiction of the federal claim under 15 U.S.C. § 1692k(d).

2. Venue is proper because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

**STANDING**

3. Plaintiff has a congressionally defined right to receive all communications from a debt collector free from any misrepresentations and false threats.

4. Defendants' collection activities violated the FDCPA.

5. Plaintiff has thus suffered an injury as a result of Defendants' conduct, giving rise to standing before this Court. Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1544 (2016), quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 580 (1992) (Congress has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before.);

1

Bellwood v. Dwivedi, 895 F. 2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive rights, such as a right to be free from misrepresentations, and if that right is invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]").

6. "Without the protections of the FDCPA, Congress determined, the '[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers.'" Lane v. Bayview Loan Servicing, LLC, No. 15 C 10446, 2016 WL 3671467, at *3 (N.D. Ill. July 11, 2016)(quoting 15 U.S.C. § 1692(b)). Thus, a failure to honor a consumer's right under the FDCPA constitutes an injury in fact for Article III standing. See id. at *3 (holding that a consumer "has alleged a sufficiently concrete injury because he alleges that [Defendant] denied him the right to information due to him under the FDCPA."); see also Church v. Accretive Health, Inc., No. 15-15708, 2016 WL 3611543, at *3 (11th Cir. July 6, 2016) (holding that consumer's § 1692g claim was sufficiently concrete to satisfy injury-in-fact requirement).

7. "[E]ven though actual monetary harm is a sufficient condition to show concrete harm, it is not a necessary condition." Lane, 2016 WL 3671467 at *4.

## PARTIES

8. Plaintiff, LaDonna Maul (hereafter "Plaintiff"), is a natural person currently residing in the State of Illinois.

9. Plaintiff is a "consumer" within the meaning of the Fair Debt Collection Practices Act.

10. Defendant, Tate & Kirlin Associates, Inc. is a Pennslyvania corporation with its principal place of business at 580 Middletown Blvd., Suite 240, Langhorne, Pennsylvania 10947.

11. Defendant, TKA is a debt collector as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or telephone to collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts in this state.

**FACTUAL ALLEGATIONS**

12. Plaintiff is a natural person allegedly obligated to pay a debt asserted to be owed to a creditor other than Defendants.

13. On or about January 17, 2019, TKA sent the Plaintiff a collection letter. Said letter is attached and fully incorporated herein as **Exhibit A**.

14. The alleged debt identified in **Exhibit A** was originally allegedly owed to Credit One Bank N.A. and was incurred only for personal, family or household purposes.

15. Upon information and belief, **Exhibit A** is a form letter, generated by a computer, and with the information specific to Plaintiff inserted by the computer.

16. Defendant sent this letter in an attempt to collect on a Credit One Bank N.A. despite the fact that Plaintiff had already paid the debt owed.

17. On or about October 14, 2014, Plaintiff sent a check to Credit One Bank N.A. to satisfy the amount owed and proceeded to cancel the credit card immediately after. Plaintiff confirmed this via telephone with a Credit One Bank N.A. representative.

18. Defendant's attempt to collect on a previously paid debt misrepresents the character, amount and legal status of the alleged debt.

19. Defendant's actions are harassing and misleading in nature.

20. Moreover, **Exhibit A** states: "YOUR OPPORTUNITY" with two large arrows pointing toward the statement.

21. **Exhibit A** lists the following: "Option #1: Take a 35% discount! You can pay $193.28 in one payment to satisfy your account…Option #2: Take a 20% discount! You can pay $237.88 in 3 monthly payments of $79.29 to satisfy your account…Option #3: Pay $25.00 per month until the balance of $297.35 is paid."

22. In addition, **Exhibit A** states that Plaintiff must respond by January 31, 2019 to "take advantage" of the offer.

23. The letter, represented as **Exhibit A**, seeks to collect this previously paid debt.

24. On or around February 21, 2019, TKA sent another collection letter. Said letter is attached and fully incorporated herein as **Exhibit B**.

25. The alleged debt identified in **Exhibit B** was the same debt originally allegedly owed to Credit One Bank N.A. and was incurred only for personal, family or household purposes.

26. Upon information and belief, **Exhibit B** is a form letter, generated by a computer, and with the information specified to Plaintiff inserted by the computer.

27. Again, Defendant sent this letter in an attempt to collect on a Credit One Bank N.A. despite the fact that Plaintiff had already paid the debt owed.

28. **Exhibit B** states: "YOUR OPPORTUNITY" with the same arrows pointed at the words.

29. **Exhibit B** lists the following: "Option #1: Take a 35% discount! You can pay $193.28 in one payment to satisfy your account…Option #2: Take a 20% discount! You can pay $237.88 in 3 monthly payments of $79.29 to satisfy your account…Option #3: Pay $25.00 per month until the balance of $297.35 is paid."

30. In addition, **Exhibit B** states that Plaintiff must respond by March 7, 2019 in order to "take advantage" of this offer.

31. The two letters, although attempting to appear as special offers, offer the exact same deal.

32. TKA purports the offer as a special opportunity, only offered for this one period of time, on this one offer. This language implies a sense of finality and urgency of the offer.

33. Defendants markets the settlement in a way that suggests that the offer is uniquely superior to any other offer, even though it is identical to previous offers and offers that will be given at a later date.

34. This language would lead the least sophisticated consumer to believe that these were one-time-only offers by stating the Plaintiff must "take advantage" of the "opportunity" by a specified date. In actuality, TKA's offer was in no way a time sensitive opportunity.

35. Upon information and belief, TKA makes these special "discount" and "opportunity" offers in an attempt to coerce Plaintiff into making a payment on the alleged debt that Plaintiff otherwise would not have made, especially since Plaintiff did not owe the alleged debt.

36. TKA's statements were false and misleading. See Goswami v. American Collections Enterprise, Inc. 377 F.3d 488, 495 (5th Cir. 2004). (Where a settlement collection letter appeared to be a one-time, take-it-or-leave-it offer, its obvious purpose was to push the plaintiff to make a rapid payment to take advantage of the purported limited time offer, and was therefore false and misleading.)

37. Upon information and belief, TKA made these offers in an attempt to pressure and manipulate consumers to make payments in which they may not otherwise have been able to afford.

38. Upon information and belief, sending the same generic, repeatable offers to all consumers was a tactic to lure unsophisticated consumers, like Plaintiff, to believe they were getting a one-time offer that they must imminently take advantage of, or lose the opportunity to settle. See Gully v. Van Ru Credit Corporation, 381 F.Supp.2d 766 (N.D. Ill.2005) (It is not proper to include any language that an unsophisticated debtor could interpret as a one-time-only offer. A letter need not include the words "one-time offer" in order to give an unsophisticated debtor the impression that he will not have another opportunity to make a payment.).

39. TKA's language reads like an infomercial, attempting to pressure Plaintiff to take advantage of a settlement "opportunity," as if it is the only time it will be offered.

40. The letters, represented in **Exhibits A** and **B**, would not have been sent to Plaintiff for any purpose other than debt collection.

41. Plaintiff suffered injury-in-fact by being subjected to unfair and abusive practices of TKA.

42. Plaintiff suffered actual harm by being the target of the TKA's misleading debt collection communications.

43. TKA violated the Plaintiff's right not to be the target of misleading debt collection communications.

44. TKA used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

45. TKA's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to TKA's collection efforts.

46. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights. The act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. TKA's false representations misled the Plaintiff in a manner that deprived her of her right to enjoy these benefits; these materially misleading statements trigger liability under section 1692e of the Act.

47. These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

48. Plaintiff seeks to end these violations of the FDCPA. Plaintiff has suffered damages including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment. Plaintiff and putative class members are entitled to preliminary and permanent injunctive relief, including declaratory relief and damages.

49. All of TKA's actions complained of herein occurred within one year of the date of this Complaint.

50. TKA's conduct has caused Plaintiff to suffer damages including, but not limited to, the loss of time incurred by Plaintiff as well as attorneys' fees paid for advice regarding her situation.

51. Congress has found that "[a]busive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a).

52. Here, Plaintiff has suffered an injury-in-fact in at least one of the manners contemplated by Congress when it passed the FDCPA because of TKA's conduct.

53. Plaintiff's injury-in-fact is fairly traceable to the challenged representations of TKA.

54. Plaintiff's injury-in-fact is likely to be redressed by a favorable decision in this Court.

55. TKA's collection communications are to be interpreted under the Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, e.g., Duffy v. Landberg, 215 F.3d 871, 874 (8th Cir. 2000) (citing Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994)).

## **CLASS ALLEGATIONS**

56. This action is brought as a class action. Plaintiff brings this action on behalf of herself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

57. The identities of all class members are readily ascertainable from the records of TKA, and those business and governmental entities on whose behalf it attempts to collect debts.

58. Excluded from the Plaintiff's Class is TKA, and all officers, members, partners, managers, directors, and employees of TKA and all of their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

59. There are questions of law and fact common to the Plaintiff's Class, which common issues predominate over any issues involving only individual class members. The principal issues are whether TKA's communications with the Plaintiff, such as the above stated claims, violate provisions of the Fair Debt Collection Practices Act.

60. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

61. The Plaintiff will fairly and adequately protect the interests of the Plaintiff's Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

62. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a. **Numerosity**: The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff's Class defined above is so numerous that joinder of all members would be impractical.

   b. **Common Questions Predominate**: Common questions of law and fact exist as to all members of the Plaintiff's Class and those questions predominate over any questions or issues involving only individual class members. The principal issues are whether TKA's communications with the Plaintiff, such as the above stated claims, violate provisions of the Fair Debt Collection Practices Act.

   c. **Typicality**: The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff's Class defined in this complaint have claims arising out of the Defendant's common uniform course

of conduct complained of herein.

    d. **Adequacy**: The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

    e. **Superiority**: A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender. Certification of a class under Rule 23(b)(l)(A) of the Federal Rules of Civil Procedure is appropriate because adjudications with respect to individual members create a risk of inconsistent or varying adjudication which could establish incompatible standards of conduct for Defendants who, upon information and belief, collects debts throughout the United States of America.

63. Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that the above stated claims, violate provisions of the Fair Debt Collection Practices Act, and is tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

64. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is

also appropriate in that the questions of law and fact common to members of the Plaintiff's Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

65. Further, TKA has acted, or failed to act, on grounds generally applicable to the Rule (b)(l)(A) and (b)(2) Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

66. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

67. This cause of action is brought on behalf of Plaintiff and the members of a class.

68. The class consists of all persons whom Defendants' records reflect resided in the State of Illinois and who were sent a collection letter in substantially the same form letter as the letters sent to the Plaintiff on or about January 17, 2019 (**Exhibit A**), and on or about February 21, 2019 (**Exhibit B**; and (a) the collection letter was sent to a consumer seeking to collect a debt for personal, family or household purposes; and (b) the collection letter was sent from one year before the date of this Complaint to the present; and (c) the collection letter was not returned by the postal service as undelivered; and (d) the Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692e, 1692d, and 1692f for false representation of the character, amount, or legal status of the alleged debt and harassment or abuse, false or misleading representations, and unfair practices.

**COUNT I: Violations Of § 1692e Of The FDCPA – False Representation Of The Character, Amount, or Legal Status of The Alleged Debt**

69. Plaintiff incorporates by reference all other paragraphs of this Petition as if fully stated herein.

70. Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt, including, but not limited to, the false representation of the character, amount, or legal status of any debt. See, 15 U.S.C. § 1692e(2).

71. Defendants' collection activities violate 15 U.S.C. § 1692e(5), which prohibits the threat to take any action that cannot legally be taken or that is not intended to be taken.

72. Defendants used false representations or deceptive means to collect or attempt to collect a debt or obtain information concerning the Plaintiff, in violation of 15 U.S.C. § 1692e(10).

73. Defendants' collection efforts only serve to confuse and mislead the consumer.

74. Defendants' collection efforts were materially false, misleading, and deceptive.

75. Defendants' violation of § 1692e of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, LaDonna Maul, individually and on behalf of all others similarly situated, prays that this Court:

A. Declare that Defendants' debt collection actions violate the FDCPA;

B. Enter judgment in favor of Plaintiff LaDonna Maul, and all others similarly situated, and against Defendants, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and

C. Grant other such further relief as deemed just and proper.

**COUNT II: Violations Of § 1692d & 1692f Of The FDCPA – Harassment or Abuse, False or Misleading Representation, & Unfair Practices**

76. Plaintiff incorporates by reference all other paragraphs of this Petition as if fully stated herein.

77. Section 1692d prohibits any debt collector from engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

78. Defendants' communications with Plaintiff were meant to shame, embarrass, and harass Plaintiff by misrepresenting the alleged debts status.

79. Section 1692f prohibits the use of unfair and unconscionable means to collect a debt.

80. Defendants' communications with Plaintiff were deceptive and misleading.

81. Defendants used unfair and unconscionable means to attempt to collect the alleged debt.

82. Defendants' violation of § 1692d and § 1692f of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, LaDonna Maul, individually and on behalf of all others similarly situated, prays that this Court:

    A. Declare that Defendants' debt collection actions violate the FDCPA;

    B. Enter judgment in favor of Plaintiff LaDonna Maul, and all others similarly situated, and against Defendants, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and

    C. Grant other such further relief as deemed just and proper.

## JURY DEMAND

83. Plaintiff demands a trial by jury on all Counts so triable.

Dated: November 5, 2019.

Respectfully Submitted,
**HALVORSEN KLOTE**

By:    /s/ Samantha J. Orlowski

Samantha J. Orlowski, #72058
Joel S. Halvorsen, #67032
680 Craig Road, Suite 104
St. Louis, MO  63141
P: (314) 451-1314
F: (314) 787-4323
sam@hklawstl.com
joel@hklawstl.com